# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TRUSTEES OF CENTRAL LABORERS'**
**PENSION, WELFARE & ANNUITY**
**FUNDS,**

**Plaintiff,**

**v.**

**C. K. ROBINSON, individually and**
**d/b/a C. K. CONSTRUCTION,**                         **No.08-454-DRH**

**Defendant.**

## DEFAULT JUDGMENT AND ORDER

**HERNDON, Chief Judge:**

This matter comes before the Court upon Plaintiffs' motion for entry of default judgment (Doc. 7). Plaintiffs are the Trustees of Central Laborers' Pension, Welfare & Annuity Funds (the "Funds"). Plaintiffs allege that Defendant entered into an Agreement to participate in the Funds to secure health and welfare benefits for his employees represented by local laborers' unions affiliated with the Funds (Doc. 2, ¶ 3 & Exs. 1-2). According to Plaintiffs, Defendant's agreement with the Funds thereby obligated him to pay fringe benefit contributions pursuant to the terms of the Agreement, as well as made him liable for reasonable attorneys' fees and costs associated with any effort the Funds required to collect delinquent contributions from Defendant (*Id*. at Ex. 1). Additionally, the Agreement also stated that Defendant would be liable to pay liquidated damages on all of his delinquent contributions (*Id*. at Ex. 1). Plaintiffs allege that Defendant breached his obligation under the

Agreement by failing to submit timely and accurate contributions to the Fund (*Id*. at ¶ 6).

Plaintiffs moved for a default judgment against Defendant in the total amount of Sixteen Thousand Eight Hundred Nineteen Dollars and Sixty Four Cents ($16,819.64), representing his indebtedness to Plaintiffs for delinquent contributions in the amount of $13,262.40, liquidated damages in the amount of $1,326.24, audit costs in the amount of $565.00, as well as attorney's fees and court costs, in the amount of $1,666.00.

The docket reflects that Defendants were in default; an entry of default was issued by the Clerk on August 19, 2008 (Doc. 6).

A party is authorized to seek a default judgment pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 55**. Under this Rule, the Court may enter a judgment by default when the non-moving party has "failed to plead or otherwise defend" itself. **FED. R. CIV. P. 55(a)**. The decision to grant or deny default judgment lies within the district court's discretion and is only reviewed for abuse of discretion. ***Homer v. Jones-Bey*, 415 F.3d 749, 753 (7th Cir. 2005)**. "As a general rule, a 'default judgment establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint,'" as long as plaintiff's allegations are well-plead. ***Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (citing *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182, 186 (7th Cir. 1982))**. Plaintiff must

then establish a right to the requested relief sought. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).

A party obtaining a default judgment in its favor is not entitled to an award "exceed[ing] [the] amount" prayed for in the demand for judgment. **FED. R. CIV. P. 54 (c)**. Allegations within the complaint regarding damages are not deemed true upon the rendering of a default judgment. *In re Catt*, 368 F.3d at 793 (citations omitted); *Dundee Cement* Co., 722 F.2d at 1323 (citations omitted). Instead, the district court must determine with reasonable certainty the proper amount to award as damages to the prevailing party. *Id.* Such determination can be made either based upon an evidentiary hearing or from "definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co.*, 722 F.2d at 1323 (citations omitted); see also *In re Catt*, 368 F.3d at 793.

Plaintiffs have provided several evidentiary items attached as exhibits to their motion, to support their motion for default judgment (Doc. 2, Ex. 1-2 & A-E). Plaintiffs have provided the Court with copies of the Agreement signed by the Defendant for the relevant dates (Doc. 2, Ex. A), a copy of the audit showing Defendant's indebtedness to the Funds (Doc. 2, Ex. B), itemized billing statements showing attorneys' fees and costs (Doc. 2, Exs. C, D, & E), as well as two affidavits (Doc. 2, Ex. 1-2). The Court finds adequate documentary evidence to show that Defendant's contractual obligations with the Funds existed for the time period at issue in this case. Thus, for the time period sought by Plaintiffs, the Court finds the

evidence adequate to support Plaintiffs' allegations that Defendant was contractually obligated to pay contribution.  The Court also finds that the exhibits submitted by Plaintiffs adequately substantiate the amount of delinquent contributions sought.  The itemized billing statements also serve to substantiate the amount sought in associated attorneys' fees and costs.  Therefore, **IT IS ORDERED AND ADJUDGED** that Plaintiffs' Motion for Default Judgment (Doc. 7) is **GRANTED**.  Accordingly, Judgment is entered in favor of Plaintiff **Trustees of Central Laborers' Pension, Welfare & Annuity Funds** and against Defendant **C.K. Robinson, individually and d/b/a C.K. Construction**, in the amount of $13,262.40 in delinquent contributions, $1,326.24 in liquidated damages, $565.00 in audit costs, and $1,666.00 in associated attorneys' fees and costs, for judgment in the total amount of **$16,819.64**.

**IT IS SO ORDERED.**

Signed this 11th day of December, 2008.

/s/      *David R Herndon*
**Chief Judge**
**United States District Court**